United States Courts
Southern District of Texas
FILED
*September 09, 2026*
Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DR. FERCAN E. KALKAN, | § | Civil Action No. 4:26-cv-04380 |
| | § | |
| Appellant, | § | On Appeal from the United States Bankruptcy Court for the Southern District of Texas, Houston Division |
| v. | § | |
| ALLISON D. BYMAN, Chapter 7 Trustee; MORGAN STANLEY PRIVATE BANK, N.A.; and TL-I, LLC, | § | Bankruptcy Case No. 25-34507 (Chapter 7, Jointly Administered) |
| | § | Re: Order at Dkt. No. 268 |
| Appellees. | | |

**BRIEF OF APPELLANT DR. FERCAN E. KALKAN**

*Appeal from the Order (I) Authorizing and Approving Settlement Agreement, and (II) Granting Related Relief [Dkt. No. 268], entered May 21, 2026*

**ORAL ARGUMENT REQUESTED**

*/s/ Dr. Fercan E. Kalkan*
**Dr. Fercan E. Kalkan**
Pro Se Appellant
143 Manor Lake Estates Dr.
Spring, Texas 77379
(281) 770-3113 — Kalkan1@gmail.com

# TABLE OF AUTHORITIES

**Cases**

Bank of N.Y. Trust Co. v. Official Unsecured Creditors' Comm. (In re Pac. Lumber Co.), 584 F.3d 229 (5th Cir. 2009)

Begier v. IRS, 496 U.S. 53 (1990)

Campagna v. Underwriters at Lloyd's London, 549 S.W.2d 17 (Tex. Civ. App.—Dallas 1977, writ ref'd n.r.e.)

Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343 (1985)

Harrington v. Purdue Pharma L.P., 603 U.S. 204 (2024)

Hilton v. Braunskill, 481 U.S. 770 (1987)

Houston v. Edgeworth (In re Edgeworth), 993 F.2d 51 (5th Cir. 1993)

In re Cajun Elec. Power Coop., Inc., 119 F.3d 349 (5th Cir. 1997)

In re Jackson Brewing Co., 624 F.2d 599 (5th Cir. 1980)

In re Moore, 608 F.3d 253 (5th Cir. 2010)

In re Zale Corp., 62 F.3d 746 (5th Cir. 1995)

Peacock Hosp., Inc. v. Ass'n Cas. Ins. Co., 419 S.W.3d 649 (Tex. App.—San Antonio 2013, no pet.)

Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414 (1968)

**Statutes and Rules**

11 U.S.C. § 105
11 U.S.C. § 363
11 U.S.C. § 541
11 U.S.C. § 554
28 U.S.C. § 158
28 U.S.C. §§ 157, 1334
Fed. R. Bankr. P. 8002
Fed. R. Bankr. P. 8007
Fed. R. Bankr. P. 9019
Tex. Ins. Code Ch. 542A

## I. STATEMENT OF JURISDICTION

The Bankruptcy Court had jurisdiction under 28 U.S.C. §§ 157 and 1334. The order on appeal—the Order (I) Authorizing and Approving Settlement Agreement, and (II) Granting Related Relief [Dkt. No. 268] (the "Settlement Order")—was entered on the docket on May 21, 2026, and is a final order resolving the Trustee's Rule 9019 motion and dismissing the related adversary proceedings with prejudice. This Court has appellate jurisdiction under 28 U.S.C. § 158(a)(1). Appellant timely filed his Notice of Appeal within fourteen days of entry. Fed. R. Bankr. P. 8002(a)(1). Appellant reserves the right to seek certification for direct appeal to the Fifth Circuit under 28 U.S.C. § 158(d)(2).

## II. STATEMENT OF THE ISSUES PRESENTED

1. Whether the Bankruptcy Court abused its discretion in approving a Rule 9019 compromise whose broad release and injunction operate to reach, bar, or impair (a) the direct, non-derivative claims of a non-debtor guarantor, and (b) the property of a non-debtor insured affiliate, where the Bankruptcy Code does not authorize the nonconsensual release of, or injunction against, non-debtor claims and property.

2. Whether the Bankruptcy Court abused its discretion in finding the compromise "fair and equitable" and "in the best interests of the Estates" where the consideration represented to the Court was structurally inflated as a matter of Texas law, the Settlement Order is internally inconsistent, and the $150,000 payment is facially inadequate when measured against the value of the estate assets compromised as well as higher counter offers were available.

3. Whether approval of the compromise deprived Appellant of due process by affecting his personal and non-debtor property interests without his consent and without adequate findings.

4. Whether Appellant, an objecting party in interest, guarantor, and creditor whose objections were overruled with prejudice, is a "person aggrieved" with standing to appeal.

## III. STANDARD OF REVIEW

An order approving a compromise under Bankruptcy Rule 9019 is reviewed for abuse of discretion. In re Cajun Elec. Power Coop., Inc., 119 F.3d 349, 355 (5th Cir. 1997); see In re Jackson Brewing Co., 624 F.2d 599, 602–03 (5th Cir. 1980). A bankruptcy court abuses its discretion when it applies an incorrect legal standard or rests its decision on a clearly erroneous assessment of the evidence. Underlying conclusions of law—including the scope of the trustee's authority under §§ 363 and 541 and whether the Bankruptcy Code authorizes a release or injunction—are reviewed de novo. Findings of fact are reviewed for clear error.

## IV. STATEMENT OF THE CASE

5. Appellant Dr. Fercan E. Kalkan is the founder and sole managing member of the three Debtors and the personal guarantor of three loans made by Morgan Stanley. After the loans matured, Morgan Stanley engaged in a multi-year course of dealing with Dr. Kalkan, then—sixteen days before a Purchase and Sale Agreement that would have paid the loans in full and released his guaranties—issued a foreclosure notice. On August 5, 2025, the Properties were sold by credit bid to TL-I, a Morgan Stanley affiliate, generating an asserted deficiency against Dr. Kalkan personally.

6. On July 7–8, 2024, Hurricane Beryl damaged the Properties. As Dr. Kalkan testified under oath at the January 7–8, 2026 conversion hearing, he personally funded the emergency post-loss repairs at the Properties and personally bore the cost of the insurance. The policy covering the Properties is held in the name of a non-debtor affiliate, and Dr. Kalkan asserts a personal, equitable interest in any proceeds.

7. On February 26, 2026, the Trustee filed an Amended Motion to Approve Compromise [Dkt. No. 171], proposing to release Morgan Stanley in exchange for $150,000. Dr. Kalkan objected [Dkt. No. 176] and filed a Supplemental Objection [Dkt. No. 200]. On May 20, 2026, the Bankruptcy Court signed the Settlement Order, approving the compromise, the releases, and an injunction; allowing Morgan Stanley's general unsecured claims; dismissing seven adversary proceedings with prejudice; and overruling Dr. Kalkan's objections with prejudice.

8. Notably, the Settlement Order as signed preserves "Direct Third Party Claims" (¶ 5), reserves Morgan Stanley's rights and defenses against Dr. Kalkan (¶ 7), and struck the proposed gatekeeping provision that would have required Dr. Kalkan to obtain leave before suing Morgan Stanley (proposed ¶ 6). This appeal challenges the Settlement Order to the extent its release and injunction reach beyond estate property, and to the extent the compromise was approved on an inadequate and legally flawed record.

## V. SUMMARY OF THE ARGUMENT

9. First, a trustee's authority under §§ 363 and 9019 extends only to property of the estate. The Settlement Order's release sweeps in "any and all" claims and was approved alongside an injunction barring assertion of "Released Claims." To the extent that machinery reaches Dr. Kalkan's direct, non-derivative claims or the property of a non-debtor insured affiliate, it exceeds the trustee's authority and the Bankruptcy Court's power. The Supreme Court has held that the Bankruptcy Code does not authorize nonconsensual releases of non-debtor claims, Harrington v. Purdue Pharma L.P., 603 U.S. 204 (2024), and the Fifth Circuit has long barred such releases, In re Pac. Lumber Co., 584 F.3d 229 (5th Cir. 2009); In re Zale Corp., 62 F.3d 746 (5th Cir. 1995). Non-debtor and bare-legal-title property is not estate property. 11 U.S.C. § 541(a), (d); In re Edgeworth, 993 F.2d 51 (5th Cir. 1993).

10. Second, the compromise cannot satisfy the fair-and-equitable standard. The consideration the Trustee represented—Morgan Stanley's "subordination" opening "millions of dollars" of insurance value to creditors—is structurally inflated, because under Texas law Morgan Stanley's post-foreclosure mortgagee interest in pre-foreclosure insurance proceeds is capped at the deficiency. Peacock Hosp., Inc. v. Ass'n Cas. Ins. Co., 419 S.W.3d 649 (Tex. App.—San Antonio 2013, no pet.). The Settlement Order is internally inconsistent—releasing the estates' insurance claims while reserving them and preserving a one-way lien "snap-back" for Morgan Stanley. And $150,000 is facially inadequate where the U.S. Trustee and Morgan Stanley's own counsel described the insurance and Morgan Stanley claims as the two largest estate assets, valued in the tens of millions. See In re Cajun Elec., 119 F.3d at 356; TMT Trailer Ferry, 390 U.S. at 424–25.

11. Third, approving a compromise that affects Dr. Kalkan's personal and non-debtor interests without his consent, and without adequate findings, violated due process. Fourth, Dr. Kalkan is plainly a person aggrieved with standing to appeal.

## VI. ARGUMENT

### A. Appellant Is a Person Aggrieved with Standing to Appeal.

12. Appellate standing in bankruptcy is limited to "persons aggrieved"—those directly and adversely affected pecuniarily by the order. Dr. Kalkan is a creditor and party in interest who appeared and objected; his objections were overruled with prejudice [Dkt. No. 268 ¶ 11]. He is the personal guarantor against whom Morgan Stanley's reserved deficiency claims are directed, the co-claimant on the insurance proceeds, and the party whose direct claims and non-debtor property are implicated by the release and injunction. He is directly and adversely affected and has standing to appeal.

### B. The Trustee's Authority—and the Bankruptcy Court's Power—Extend Only to Estate Property; They Cannot Reach Appellant's Direct Claims or a Non-Debtor Affiliate's Property.

13. A Chapter 7 trustee may compromise only the estate's claims. Her powers "extend only to property of the estate." Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 352 (1985). Property of the estate is confined to the debtor's own legal and equitable interests as of the petition date. 11 U.S.C. § 541(a)(1); Begier v. IRS, 496 U.S. 53, 59 (1990). Where the debtor holds only bare legal title and not an equitable interest, the estate takes only that bare legal title. 11 U.S.C. § 541(d).

14. Whether the Trustee's authority and the court's power extend to particular property is a question of law reviewable de novo, and it was squarely encompassed by Dr. Kalkan's preserved objections to the release, the injunction, and the Settlement's treatment of the insurance claims [Dkt. Nos. 176 ¶¶ 13–16, 200]. The insurance proceeds at issue are not estate property: the policy is held by a non-debtor affiliate, and in the Fifth Circuit insurance proceeds are estate property only where the debtor itself "would have a right to receive and keep those proceeds." In re Edgeworth, 993 F.2d 51, 55–56 (5th Cir. 1993). Dr. Kalkan's equitable interests—for the insurance he bore and the post-loss repairs he personally funded, as he testified

at the conversion hearing—are his, not the estates'. The Trustee cannot, by Rule 9019, sell, settle, or release the property of a non-debtor. Weintraub, 471 U.S. at 352.

15. Equally important, the Bankruptcy Code does not authorize a court to release or enjoin a non-debtor's claims against another non-debtor without the claimant's consent. Harrington v. Purdue Pharma L.P., 603 U.S. 204 (2024). Purdue arose under a Chapter 11 plan and § 1123(b); a Rule 9019 settlement in a Chapter 7 case—lacking even the plan-confirmation machinery—cannot accomplish what a plan may not. The Fifth Circuit reached the same result before Purdue, repeatedly disapproving nonconsensual non-debtor releases and injunctions. In re Pac. Lumber Co., 584 F.3d 229, 252–53 (5th Cir. 2009); In re Zale Corp., 62 F.3d 746, 760 (5th Cir. 1995).

16. To its credit, the Bankruptcy Court preserved "Direct Third Party Claims" (¶ 5), reserved Morgan Stanley's defenses against Dr. Kalkan (¶ 7), and struck the proposed gatekeeping clause (proposed ¶ 6). But the Settlement Agreement's release remains defined to reach "any and all" claims "of any nature whatsoever" that "could be asserted by or on behalf of any of the Debtors," and the ¶ 4 injunction bars assertion of "Released Claims," with the Bankruptcy Court retaining exclusive jurisdiction to characterize any future claim. To the extent that apparatus is read to reach Dr. Kalkan's direct, non-derivative claims or a non-debtor affiliate's property, it exceeds the trustee's authority and the court's power and must be narrowed or reversed. At minimum, the Settlement Order should be construed and, if necessary, modified to make explicit that it neither releases nor bars Dr. Kalkan's Direct Third Party Claims or the property of a non-debtor insured affiliate.

**C. The Compromise Does Not Satisfy the Fair-and-Equitable Standard.**

17. A bankruptcy court may approve a compromise only if it is fair, equitable, and in the best interest of the estate, which requires the court to apprise itself of the relevant facts and law and to compare the settlement's terms with the likely rewards of litigation. TMT Trailer Ferry, 390 U.S. at 424–25; In re Cajun Elec., 119 F.3d at 355–56; In re Jackson Brewing Co., 624 F.2d at 602. The Trustee bears the burden of demonstrating value the estate would not otherwise receive. The record here cannot support that finding for three independent reasons.

a. The represented consideration is structurally inflated. Dr. Kalkan preserved below both the inadequacy of the consideration [Dkt. No. 176 ¶¶ 6–8, 21–24] and the

illusory, harmful treatment of the insurance claims [Dkt. No. 176 ¶¶ 15–16]. The legal premise that follows is a pure question of law that may be addressed on appeal. The Trustee's central pitch was that Morgan Stanley's "subordination" of its lien on insurance recoveries would open "millions of dollars" to unsecured creditors. But under settled Texas law, a foreclosure that satisfies or releases the mortgage debt extinguishes the mortgagee's right to pre-foreclosure insurance proceeds, and where a deficiency remains the mortgagee retains a right only up to the deficiency. Peacock Hosp., Inc. v. Ass'n Cas. Ins. Co., 419 S.W.3d 649, 653–54 (Tex. App.—San Antonio 2013, no pet.); accord Campagna v. Underwriters at Lloyd's London, 549 S.W.2d 17 (Tex. Civ. App.—Dallas 1977, writ ref'd n.r.e.). Morgan Stanley's continuing interest is therefore capped at the deficiency (roughly $4 million, or the $2.69 million of filed unsecured claims as it has already withdrawn $12 million unauthorizedly from Dr. Kalkan personal accounts). Anything above that cap Morgan Stanley never held and could not subordinate. The consideration was overstated as a matter of law.

b. The Settlement Order is internally inconsistent. Section 4 releases the estates' broadly defined claims, including the insurance claims, while ¶ 8 of the Settlement Order simultaneously contemplates that the Trustee will "investigate and pursue" the insurance claims and preserves a "snap-back" of Morgan Stanley's full lien rights if the Trustee abandons them under § 554. The compromise thus at once releases and reserves the same asset, and confers on Morgan Stanley a one-way ratchet, while the release of all other estate claims is neither contingent nor revocable. A settlement resting on such contradictory premises cannot be found fair and equitable.

c. The payment is facially inadequate. At the January 8, 2026 conversion hearing, the United States Trustee told the Court that "[t]he two largest assets are those insurance claims and the hypothetical claims against Morgan Stanley," and acknowledged insurance value in the "tens of millions of dollars." Morgan Stanley's own counsel stated that a chapter 7 trustee was well-positioned to pursue the insurance claims and that they likely had "much more value" than identified. Releasing those assets for $150,000 ($50,000 per estate) cannot be reconciled with the Trustee's duty to maximize value. In re Moore, 608 F.3d 253, 263 (5th Cir. 2010).

18. Because the Bankruptcy Court approved the compromise on a record that overstates the consideration as a matter of law, tolerates internal inconsistency, and undervalues the compromised assets, the approval rested on an incorrect legal standard and a clearly erroneous assessment of value, and was an abuse of discretion.

**D. Approval Without Appellant's Consent and Without Adequate Findings Violated Due Process.**

19. Dr. Kalkan's personal claims, his equitable interests in the insurance proceeds, and the property of a non-debtor affiliate cannot be extinguished or impaired in a proceeding to which they were not properly subject and without consent. To the extent the Settlement Order's release, injunction, and retained-jurisdiction provisions operate to bar or chill those interests, they were entered without the process due to Dr. Kalkan and the affected non-debtor and without findings sufficient to support such extraordinary relief. The Settlement Order should be reversed or narrowed accordingly.

## VII. CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Appellant respectfully requests that this Court reverse the Settlement Order, or in the alternative vacate and remand with instructions that (a) the release and injunction be narrowed to exclude Appellant's direct, non-derivative claims and the property of the non-debtor affiliate insured; (b) the Bankruptcy Court make findings consistent with the Texas-law deficiency cap on Morgan Stanley's insurance interest and resolve the internal inconsistency in the Settlement Order; and (c) the Court grant such other and further relief as is just.

Respectfully submitted,

*/s/ Fercan E. Kalkan*

Dr. Fercan E. Kalkan, Pro Se
143 Manor Lake Estates Dr.
Spring, Texas 77379
Telephone: (281) 770-3113
Email: Kalkan1@gmail.com

Dated: September 9, 2026

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume and formatting requirements of Federal Rule of Bankruptcy Procedure 8015. It is prepared in 12-point Times New Roman, a proportionally spaced typeface.

*/s/ Fercan E. Kalkan*
Dr. Fercan E. Kalkan, Pro Se

## CERTIFICATE OF SERVICE

I certify that on September 9, 2026, a true and correct copy of the foregoing Brief of Appellant was served via the Court's CM/ECF system upon all parties registered to receive electronic notice, including counsel for the Chapter 7 Trustee (Aaron J. Power and Jordan T. Stevens, Porter Hedges LLP) and counsel for Morgan Stanley Private Bank, N.A. and TL-I, LLC (Matthew T. Ferris, Haynes and Boone, LLP).

*/s/ Fercan E. Kalkan*
Dr. Fercan E. Kalkan, Pro Se